UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL W. TEBEAU and ANITA TEBEAU,<br>　　Plaintiffs,<br><br>　vs.<br><br>GENERAL MOTORS CORP.,<br><br>　　Defendant. | Case No. 4:09CV00398 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Carl W. Tebeau and Anita Tebeau's Motion to Remand the case to state court [ECF No. 10].

**I.    BACKGROUND**

On January 23, 2009, Plaintiffs filed a petition in the Circuit Court for St. Charles County, Missouri seeking damages for Plaintiff Carl Tebeau's personal injuries suffered on Defendant General Motors Corporation's property and Plaintiff Anita Tebeau's resulting loss of consortium.[1] [ECF No. 1-2]. The petition avers that Plaintiffs are citizens of Missouri and that Defendant is a Delaware corporation with its principal place of business in Michigan. The petition pleads a total of three counts – two counts relate to Carl Tebeau and one count relates to Anita Tebeau. Each count prays for damages "in excess of" $25,000.[2]

---

[1] Under Missouri state law, the document which commences a civil action is called a "petition," not a complaint. Mo. R. Civ. P. 53.01. Thus, this Order will use the term "petition" when describing Plaintiff's initial pleading document.

[2] Missouri Rule of Civil Procedure 55.05 states: "If recovery of money is demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable." Because this action is based in tort, Plaintiffs were prohibited from alleging a dollar amount for damages beyond the amount of $25,000. That amount triggers the jurisdictional authority of the Missouri Circuit Courts and

On March 11, 2009, Defendant moved for removal to this Court.³ The Notice of Removal alleges that the amount in controversy exceeds the sum of $75,000. Although the Plaintiff's request damages for each count is "in excess of $25,000," Defendant asserted that the language used to describe the Plaintiffs injuries would amount to a sum in excess of $75,000.

Defendant filed for bankruptcy on June 1, 2009. [ECF No. 17]. The Court ordered the case administratively closed, subject to reopening upon motion after the bankruptcy stay had been lifted. At that time, "all pending motions [were] denied without prejudice subject to being refiled in the event the case is reopened." After the stay was lifted, Plaintiffs moved to reopen the case on September 13, 2011. At the Rule 16 Conference, Plaintiffs' counsel renewed this motion.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003). However, "[f]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given to them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a claim to federal court only if it could have been brought in federal court originally. Thus, the diversity of citizenship and amount-in-controversy requirements of 28 U.S.C. § 1332 must be met, or the claim

---

divests authority from the Associate Circuit Courts. Mo. Rev. Stat. § 517.011(1) (2000).

³ After Defendant moved for removal, the case was assigned to the Honorable Donald J. Stohr. Upon Judge Stohr's retirement, the case was reassigned to this Court on August 4, 2011.

2

must be based upon a federal question pursuant to 28 U.S.C. § 1331. *See Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 2002).

To determine jurisdiction, the Court looks at the parties' status at the time of the lawsuit's filing, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004), or at the time of removal. *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009). When determining whether the amount-in-controversy requirement is met, the amount contained in the pleadings is not dispositive. *State ex rel. Pemiscot County v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir.1995). Rather, the standard is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *See Quinn v. Kimble*, 228 F.Supp.2d 1038, 1040 (E.D.Mo.2002). "[A] single plaintiff may properly aggregate all of the claims which he has against the defendants to satisfy the jurisdictional amount." *Lynch v. Porter*, 446 F.2d 225, 228 (8th Cir. 1971); *Edwards v. Bates County*, 163 U.S. 269 (1896). Where there are multiple plaintiffs, only one plaintiff must allege a claim that is in excess of $75,000 in order for the Court to have subject-matter jurisdiction over the entire Article III "case or controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 561 (2005) (holding that 28 U.S.C. § 1367 abrogated portions of *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939) and *Zahn v. Int'l Paper Co.*, 414 U.S. 291 (1973)); *In re Lorazepam & Clorazepate Antitrust Litigation*, 631 F.3d 537, 541(D.C. Cir. 2011) (applying *Exxon Mobile*).

Defendants seeking removal "[have] the burden to prove the requisite amount by a preponderance of the evidence." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). This burden of proof applies regardless of whether the petition does not state a specific amount of damages or states an amount under the jurisdictional minimum. *Id*. "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only

3

appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id*.

Removal statutes are strictly construed. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Any doubts about the propriety of removal are resolved in favor of remand. *In re Business Men's Assurance Co.*, 992 F.2d 181,183 (8th Cir. 1993); *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Plaintiffs argue that the case should be remanded to state court because Defendant has offered no "proof" that Plaintiffs' claims exceed the amount-in-controversy requirement. Plaintiffs concede that the parties are completely diverse and do not challenge jurisdiction on this ground.[4]

Defendant argues that the petition's allegations, such as claims that Carl Tebeau's' injuries are "severe and permanent," that his earning capacity "has been impaired," that he has "experienced extreme pain, suffering, and disfigurement"and "undergone medical treatment" for his injuries, as well as claims for punitive damages, should lead the Court to conclude that Plaintiffs' damages will exceed $75,000. Defendant asserts that "an objective assessment of these allegations alone clearly demonstrates that a reasonable jury could easily find that Plaintiffs' damages are in excess of $75,000[.]" Additionally, Defendant has provided the Court with a copy of Carl Tebeau's answers to interrogatories [ECF No. 30-1] to substantiate its claim that the amount-in-controversy requirement is met.

---

[4] The Court finds that the petition sufficiently alleges complete diversity of citizenship.

4

Defendant bears the burden to prove by a preponderance of evidence that the Plaintiffs' damages exceed $75,000. *Bell*, 557 F.3d at 956. "The preponderance of the evidence standard requires a defendant to demonstrate by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional amount." *City of University City, Missouri, et al. v. AT&T Wireless Servs., Inc.*, 229 F.Supp.2d 927, 932 (E.D. Mo. 2002) (internal citations omitted). Defendant faces an uphill battle because Missouri's pleading requirements prohibit a plaintiff claiming tort damages to plead a monetary amount beyond the state court's jurisdictional requirement, which is $25,000 to invoke the jurisdictional authority of the Missouri circuit courts. Mo. R. Civ. P. 55.05; Mo. Rev. Stat. § 517.011(1) (2000); *see also Hill v. Ford Motor Co.*, 324 F. Supp.2d 1028, 1034-35 (E.D. Mo. 2004).

Plaintiffs argue that Defendant's amount-in-controversy argument is speculative and insufficient to confer jurisdiction to the Court. Mere speculation on the part of a defendant or the Court does not meet Defendant's burden of proof under the preponderance standard. *Hill*, 324 F. Supp.2d at 1036. The defendant in *Hill* asked the Court to presume that the amount in controversy exceeded the jurisdictional minimum, "given the seriousness of Plaintiff's allegations and the nature of the relief sought." *Id.* The Court declined to do so and remanded the case to state court. *Id.*

*Hill* is distinguishable from the pending case because Defendants have provided the Court with answers to interrogatories that further reveal that the amount in controversy, at the time of removal, exceeded $75,000. Recently, the Eighth Circuit stated:

> "Subsequent events may ... be relevant to prove the existence or nonexistence of diversity jurisdiction at the time of filing," *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, Inc.*, 620 F.3d 926, 931 (8th Cir.2010), and a "distinction must be made ... between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." [State Farm Mut. Auto. Ins. Co. v. ] *Powell*, 87 F.3d [93,] 97 [(3d Cir. 1996)] (internal quotation marks, citation and emphasis omitted). In considering the types of materials which can contain such "revelations," courts have mentioned the "face of the pleadings," *St. Paul Mercury*,

5

>303 U.S. at 289, 58 S.Ct. 586, and the "proof adduced to the court before trial," *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir.2002).

*Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 823 (8th Cir. 2011). *Schubert* underscores that this notion of looking beyond the pleadings conflicts with traditional notions about when and how to access a court's subject matter jurisdiction: "There is admittedly certain tension between the principle that post-removal events do not affect jurisdiction and that pre-trial proofs can be used to assess the amount in controversy as it existed at the time of removal." *Id*. This tension is resolved "by deferring to the plaintiff's estimate with respect to the amount in controversy whenever the impossibility of recovery is not apparent from the face of the pleadings but emerges from adjudication of the merits." *Id*. A court may refer to materials developed in discovery merely to "amplify the meaning of the complaint allegations." *Id*.

Carl Tebeau's interrogatories shed significant light on the damages sought by Plaintiffs and "amplify the meaning of the [petition's] allegations." *Id*. Defendant directs the Court's attention to Interrogatory 13, 16, and 18. These interrogatories convince the Court that Carl Tebeau's alleged injuries, treatment, and lost wages in total amount to a considerable expense. For example, Carl Tebeau states that he suffered a torn meniscus in his right knee and ultimately underwent surgery to repair the tear. He also states that his injury caused him to be depressed and that his depression requires treatment through different modalities. He also states that before his injury, he was earning $32,000 and that he had lost wages and expects to continue losing earnings.

Another factor in the jurisdictional analysis is that the petition contains two tort claims that relate to Carl Tebeau. Contrary to Plaintiffs' assertion, Carl Tebeau's tort claims may be aggregated. *Lynch*, 446 F.2d at 228. Additionally, because Carl Tebeau's aggregated claims exceed $75,000, Anita Tebeau's claim does not need to meet the amount-in-controversy requirement. *Exxon Mobile*,

6

545 U.S. at 561. Considering *Schubert, Lynch*, and *Exxon Mobile*, Defendant has sufficiently alleged facts that demonstrate the jurisdictional amount will be met.

IV.     **CONCLUSION**

The Court concludes that Defendant has proven by a preponderance of the evidence that the state-court petition, in light of Carl Tebeau's interrogatory answers, requests damages that exceed $75,000. The parties are completely diverse and the amount-in-controversy requirement is met. Therefore, the Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332 and denies the motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand [ECF No. 10] is **DENIED**.

Dated this  18th  day of October, 2011.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE